# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303



John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

July 11, 2014

Steven M. Larimore
U.S. District Court
400 N MIAMI AVE
MIAMI, FL 33128-1810

Appeal Number: 13-11552-EE
Case Style: David Zinn, et al v. SCI Funeral Services of Florid, et al
District Court Docket No: 9:12-cv-80788-KLR

A copy of this letter, and the judgment form if noted above, but not a copy of the court's decision, is also being forwarded to counsel and pro se parties. A copy of the court's decision was previously forwarded to counsel and pro se parties on the date it was issued.

The enclosed copy of the judgment is hereby issued as mandate of the court. The court's opinion was previously provided on the date of issuance.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Lois Tunstall
Phone #: (404) 335-6224

Enclosure(s)

MDT-1 Letter Issuing Mandate

# UNITED STATES COURT OF APPEALS
## For the Eleventh Circuit

_____

No. 13-11552

_____

District Court Docket No.
9:12-cv-80788-KLR

DAVID ZINN, MICHELLE BAIO,

                                                 Plaintiffs - Appellants,

versus

SCI FUNERAL SERVICES OF FLORIDA, INC.,
a Florida corporation,
NORTHSTAR FUNERAL SERVICES OF FLORIDA, LLC,
a Delaware limited liability company,
NORTHSTAR CEMETERY SERVICES OF FLORIDA, LLC,
a Delaware limited liability company,
LEVITT WEINSTEIN MEMORIAL CHAPELS, INC.,
a Florida corporation,
LEVITT WEINSTEIN MEMORIAL GARDENS, INC.,
a Florida corporation, et al.,

                                                 Defendants - Appellees.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

### JUDGMENT

It is hereby ordered, adjudged, and decreed that the opinion issued on this date in this appeal is entered as the judgment of this Court.

Entered: June 11, 2014
For the Court: John Ley, Clerk of Court
By: Djuanna Clark

Mandate Issued:
July 11, 2014

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 13-11552
_____

D.C. Docket No. 9:12-cv-80788-KLR

DAVID ZINN, MICHELLE BAIO,

                                                                       Plaintiffs-Appellants,

versus

SCI FUNERAL SERVICES OF FLORIDA, INC.,
a Florida corporation,
NORTHSTAR FUNERAL SERVICES OF FLORIDA, LLC,
a Delaware limited liability company,
NORTHSTAR CEMETERY SERVICES OF FLORIDA, LLC,
a Delaware limited liability company,
LEVITT WEINSTEIN MEMORIAL CHAPELS, INC.,
a Florida corporation,
LEVITT WEINSTEIN MEMORIAL GARDENS, INC.,
a Florida corporation, et al.,

                                                                       Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 11, 2014)

Before CARNES, Chief Judge, DUBINA and SILER,[*] Circuit Judges.

PER CURIAM:

This appeal arises from a decision by the district court dismissing the plaintiffs' complaint for lack of standing under Article III.  The plaintiffs are two individuals who reserved grave plots and purchased pre-need burial services at cemeteries run by the defendants.  They filed their original complaint in state court as a class action.  The complaint alleged that the defendants routinely defiled the graves in their cemeteries through various unsavory practices, such as making room for more bodies by moving or damaging the outer burial containers of individuals who were already buried.  It further alleged that the defendants covered up those defilements so that customers would not learn about them.  Based on those allegations, the original complaint sought damages on behalf of all the individuals who had loved ones buried at those cemeteries, as well as all the individuals who had reserved grave plots or purchased pre-need burial services at those cemeteries.

After the defendants removed the case to federal court using a provision of the Class Action Fairness Act, see 28 U.S.C. § 1332(d)(2)(A), the plaintiffs amended their complaint to remove the request for class action certification.  But when the plaintiffs amended their complaint, they failed to include any factual

---

[*] Honorable Eugene E. Siler, Jr., United States Circuit Judge for the Sixth Circuit, sitting by designation.

2

allegations establishing that the grave plots they reserved had actually been affected by the alleged acts of the defendants.

As a result, their amended complaint does not allege the injury-in-fact necessary to establish standing under Article III.  See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 2136 (1992).  Similarly, their failure to allege any personal detriment means that their Florida statutory claims assert mere "abstract statutory violation[s]," which Article III prevents us from deciding.  See Charvat v. Mut. First Fed. Credit Union, 725 F.3d 819, 824 (8th Cir. 2013).  We therefore affirm the district court's decision to dismiss the plaintiffs' complaint with prejudice.  We note that our conclusion is consistent with an earlier decision by another panel of this Court holding that a nearly identical complaint failed to satisfy the injury-in-fact requirement.  See Schwartz v. SCI Funeral Servs. of Fla., No. 13-11830, 2014 WL 443588 (11th Cir. Feb. 5, 2014).

**AFFIRMED.**